## BILL DURR *v.* THE STATE.

| | |
|---|---|
| 53 | 425 |
| 70 | 598 |
| 53 | 425 |
| 73 | 395 |
| 53 | 425 |
| 78 | 351 |
| 53 | 425 |
| e82 | 517 |

1. CRIMINAL LAW. *Indictment. Improper influence on grand jury.*
   It is improper for the court to permit an attorney who has been employed to assist in a prosecution to go before the grand jury with the witnesses, and there act for the district attorney in framing the indictment. Whether the objection can be raised by motion to quash the indictment found is doubtful. The appropriate remedy is a plea in abatement.

2. VERDICT. *Separation of juror.*
   A verdict is *prima facie* vitiated by the separation of a juror from his

fellows after the jury have retired to consider of their verdict. To rebut this presumption the State must affirmatively demonstrate that he was not tampered with. The State fails to do this when she does not account for all the period of his separation from his brother jurors, if it was at a time and place where he may have been improperly approached.

ERROR to the Circuit Court of Simpson County.

Hon. A. G. MAYERS, Judge.

*Robert Lowry*, for the plaintiff in error.

The plaintiff in error was indicted at the June Term, 1876, in the Circuit Court of Simpson County. The errors relied on question the correctness of the finding of the indictment by the grand jury, and the separation of one of the jury from his fellow-jurors.

An attorney employed to prosecute in the case asked and obtained leave of court to carry witnesses before the grand jury, that he might return into court an indictment against Durr; and he did go into the grand-jury room with the witnesses, and draft the bill, which the grand jury thereupon returned into court. The motion to quash the indictment so found on this ground should have been sustained. *Byrd* v. *State*, 1 How. (Miss.) 247.

The second error relied on is the separation of one of the jurors from his fellows, for one hour or more. The burden of proof was on the State to show that no improper influence was used on the juror during this separation, and the proof has not been made. For this error, if not for the first, the verdict must be set aside. *Hare* v. *State*, 4 How. (Miss.) 187; *Bolls* v. *State*, 13 S. & M. 398; *Organ* v. *State*, 26 Miss. 78; *Ned* v. *State*, 33 Miss. 364; *Pope* v. *State*, 36 Miss. 121; *Lewis* v. *State*, 9 S. & M. 115; *Woods* v. *State*, 43 Miss. 364.

*George E. Harris*, Attorney-General, for the State.

1. The motion to quash was properly overruled, as well because the objection could not be taken in that way as because there was not merit in the motion sufficient to destroy the finding of the grand jury.

2. The conduct of the juror was irregular, but it is not such an irregularity as will induce this court to set aside the verdict. *Ned* v. *State*, 33 Miss. 364; *Browning* v. *State*, 33 Miss. 47;

*Caleb* v. *State*, 39 Miss. 721; *Pope* v. *State*, 36 Miss. 121; *Russell* v. *State*, *ante*, 367.

CHALMERS, J., delivered the opinion of the court.

The permission given by the court to the attorney who had been employed to assist in the prosecution, to go before the grand jury with the witnesses, and there act for the district attorney in framing the indictment, was improper. We entertain doubts as to whether the objection to it could be taken advantage of on a motion to quash. Mr. Bishop says that irregularities in the proceedings before the grand jury " may under some circumstances be taken advantage of upon this motion." We regard it as bad practice, and certainly as being much more appropriately done by plea in abatement. 1 Bishop on Criminal Procedure, §§ 747, 748.

After the jury had retired to consider of their verdict, one of their number was conducted by the bailiff to the house of a friend, a quarter of a mile distant from the court house, and there took dinner in a room by himself, out of the presence of the bailiff. It was affirmatively shown that he was not improperly communicated with by any of the white persons about the house; but there was no proof in relation to his communication with two negroes, one of whom certainly was, and the other may have been, on the premises. He was entirely alone while eating his dinner, but was in a room in the rear of the building remote from the observation of the bailiff and the white persons present, and the room had four entrances, through which strangers may have had access to him.

The rule on this subject is that the verdict was *prima facie* vitiated by his separation from his fellows. In order to rebut this presumption, the State must affirmatively demonstrate that he was not tampered with. She fails to do this when she fails to account for all the period of his separation from his brother jurors, if it was at a time and place where he may have been improperly approached.

It is hoped that the circuit judge did not fail to punish the bailiff who was guilty of this gross violation of duty.

*Judgment reversed and new trial awarded.*