### JAMES WELCH v. THE STATE.

CRIMINAL PROCEDURE. *Indictment. Grand jury. Plea in abatement.*
    A plea in abatement to an indictment is good which alleges that an attorney for the prosecution procured himself to be summoned as a witness before the grand jury, and, thus introduced, addressed the grand jury, urging the finding of an indictment. An indictment found under such circumstances should be quashed.

FROM the circuit court of Copiah county.

HON. J. B. CHRISMAN, Judge.

The appellant, Welch, was indicted for the abduction of a female over the age of sixteen. To this indictment he pleaded in abatement that an attorney employed to prosecute before the committing court went before the grand jury that found the indictment and made a speech to the jury, urging the finding of an indictment. To this plea the state filed a replication, admitting that said attorney had gone before the grand jury, but averring that he went in obedience to a regular summons directed to him as a witness. The accused filed a rejoinder, alleging that said attorney, though summoned as a witness before the grand jury, had procured himself to be summoned. The court sustained a demurrer to this rejoinder, and the accused, having been tried on his plea of not guilty and convicted, prosecutes this appeal.

*Geo. S. Dodds* and *Ramsey & Willing*, for appellant.

The state in its replication failed to deny the allegation in the plea that the attorney, admitted into the grand jury room as a witness, made a speech to them. The demurrer should have been overruled. *Durr v. State*, 53 Miss. 426.

*T. M. Miller*, attorney-general, for the state.

The rejoinder of the accused does not negative the good faith of the attorney in procuring himself to be summoned as a witness. Nor does it appear that he was, after the committing trial, interested as a prosecuting attorney. It is submitted that if the act of a stranger, who in good faith procures himself summoned, goes before the grand jury and urges an indictment, will avoid the indictment, it will always be in the power of designing persons to get in some sort of speech in that way.

It is believed the court has gone to the fullest limit in *Durr* v. *State*, 53 Miss. 427. Here the attorney, having attended the committing trial, was doubtless a competent witness, although without personal knowledge. If he expressed his belief of the state's witnesses, and urged the finding of an indictment, who can measure the harm done? I submit there is nothing substantial in the plea.

CAMPBELL, J., delivered the opinion of the court.

If it be true that an attorney for the prosecution of Welch procured himself to be summoned as a witness to appear before the grand jury, and by this means was introduced into their room, and addressed the grand jury, urging the finding of an indictment in this matter, the indictment should be quashed. Illegal or insufficient evidence before the grand jury will not be inquired into, but the array may be excepted to for fraud; and improper influences to secure an indictment may be inquired into, and should be, when properly alleged. In vain the constitution protects against being proceeded against criminally, by information, for an indictable offense, except in cases mentioned, if grand juries are to be swayed by malice or prejudice, or subjected to other influences than those recognized by law as legitimate and proper to guide them in their secret inquest. " The recognition of such a mode of reaching grand juries (as was alleged in this case) would introduce a flood of evils, disastrous to the purity of the administration of criminal justice, and subversive of all public confidence in the action of these bodies." It is true that one indicted is to be tried by his peers, and if falsely

accused may expect a deliverance, but he is entitled to attack the prosecution *in limine,* where it is procured by means unknown to and unsanctioned by law. The demurrer to the rejoinder should have been overruled.

> *Reversed, demurrer overruled, and cause remanded.*