GEORGE WILSON *v.* THE STATE.

INDICTMENT. *Attorney before grand jury. Improper influence.*

> Where an attorney, who, though not employed to prosecute, goes before the grand jury, and, as a private prosecutor—not a witness—uses his influence in furtherance of a presentment, which is made, the indictment will be held invalid. *Durr* v. *State,* 53 Miss., 425; *Welch* v. *State,* 68 *Ib.,* 341.

FROM the circuit court of Lee county.

HON. NEWNAN CAYCE, Judge.

Appellant was convicted of forgery. The indictment alleged that the forgery was committed for the purpose of defrauding the Postal Telegraph-Cable Company. The defendant filed a plea in abatement, alleging that J. L. Finley, the attorney for said telegraph company, who had been employed

to aid in the prosecution, went before the grand jury with witnesses, and acted for the district attorney in preparing the indictment, and procured the same to be found and presented; that the district attorney was not present in the grand jury room when said indictment was found; that Finley had not been selected as assistant district attorney or district attorney *pro tem.*, and was in nowise connected with the case, except that he was the attorney of the telegraph company, and, as such, assisted in the prosecution of defendant.

On the trial of the issue presented by the plea in abatement, the main allegations thereof were proved. J. L. Finley testified that he was assisting the district attorney in the prosecution of the case, but was not employed to do so by the telegraph company; that he was employed by said company to defend certain civil suits for damages growing out of prosecutions against the defendant; that he was not sworn as a witness, and did not testify before the grand jury, but told one of the grand jurors what witnesses to summon; that he prepared the indictment in this case, and another against the defendant for perjury, but was not employed by any one to prosecute; that he conferred with the district attorney, and was in the grand jury room in reference to the case at his request; that he used no undue influence to induce the grand jury to return the bill. Two of the grand jurors testified to the fact of Finley's presence in the jury-room. Each of them testified that he was not influenced in his action by Finley's statement, and one of them stated that he did not think the grand jury was so influenced.

Under the instruction of the court, the jury found against the defendant upon this issue. Being finally convicted, he prosecuted this appeal. The opinion contains a further statement of the case.

*Clarke & Clarke*, for appellant.

Without argument of the facts in respect to the trial of the

issue raised by the plea in abatement, and without discussion as to the propriety of a peremptory instruction against the accused at any stage of the prosecution, we submit that the action of the court as to this was improper, and that, for this error alone, the judgment must be reversed. *Durr* v. *State*, 53 Miss., 425.

*Calhoon & Green*, on the same side.

*Frank Johnston*, attorney-general, for the state.

COOPER, J., delivered the opinion of the court.

The court erred in instructing the jury to find for the state upon the issue joined upon the defendant's plea in abatement. On the facts disclosed in evidence, the verdict on that plea should have been for the defendant. It is unquestionably shown that Mr. Finley, who was the attorney for the telegraph company alleged to have been defrauded, or attempted to be, by the forgery charged against the defendant, was before the grand jury as a private prosecutor, for the purpose of securing the indictment of the accused. It is true Mr. Finley states that he was not employed by the company in the prosecution. He testified: "I did it of my own motion. I was interested in seeing this defendant convicted, because I thought he was a great scoundrel."

It is a serious mistake to suppose that the right of one accused or suspected of crime to the orderly and impartial administration of the law begins only after indictment. Immunity from prosecutions for indictable offenses, except by presentment by the grand jury, is declared and preserved by the organic law of this and all the other States, and, though, by reason of the secrecy of the proceedings before that body, its action is seldom brought in review, it cannot be doubted that one whose acts are there the subject of investigation is as much entitled to the just, impartial and unbiased judgment of that body as he is to that of the petit jury on his final trial, nor that it is as essential before the one body as

the other that private ill will or malevolence shall be excluded.

The candid statement by Mr. Finley that he went before the grand jury because he thought the appellant to be a great scoundrel, and therefore desired his indictment and conviction, presents the precise reason why he should not. have gone before the jury, for it is just such influences the law forbids. He was not a witness before that body, and was not an officer having any duty to perform touching the matter under examination. His purpose must have been to advance in some way the prosecution; and this is precisely what the law prohibits to be done. The case is covered by the decision in *Durr* v. *State*, 53 Miss., 425; *Welch* v. *State*, 68 *Ib.*, 341.

*The judgment is reversed, and cause remanded for a new trial.*