## CHARLES S. CARLISLE *v.* THE STATE.

1. CRIMINAL LAW. *Seduction.  Sufficiency of indictment.  Code* 1892, § 1004.
    Where an indictment charges that the accused therein named wil-
    fully and feloniously enticed, seduced and had illicit connection
    with a person therein named, who was then and there a female
    child of previous chaste character, and under the age of sixteen
    years, and unmarried, it employs the words in which the crime is
    defined by § 1004, code 1892, and is not subject to demurrer because
    it does not aver that the accused is a man, nor that the female
    seduced was over the age of ten years, and the offense therefore
    not rape under another statute, nor because it fails to specify by
    what arts and persuasion the seduction was accomplished, or that
    the illicit connection charged was by sexual intercourse.

2. SAME. *Indictment. Date of offense. Immaterial error. Statute of jeofails. Code 1892, § 1356.*

Under § 1336, code 1892, an indictment for the seduction of a female under the age of sixteen years is not insufficient because it charges the commission of the offense on a day subsequent to the finding of the indictment, when the female may have attained a greater age than sixteen years, for the charge of seduction is one in which time is not of the essence of the offense, and comes, therefore, within the terms of the statute.

3. DISTRICT ATTORNEY. *Withdrawal from prosecution. Private counsel.*

When a district attorney has performed all of the official acts required of him preliminary to trial—as, signing the indictment, etc.—it is not error to permit him to withdraw from the prosecution and leave the management of it to private counsel.

4. SAME. *Right to select state's witnesses.*

It is for the prosecuting counsel, and not the trial court, to determine who shall be the state's witnesses on the hearing of a criminal charge, and it is not error, on the trial of one charged with seduction, to refuse to require the prosecuting attorney to put the female alleged to have been seduced on the stand as a witness for the state.

5. IMMATERIAL ERRORS. *Improper questions unanswered. Instruction not applied to facts.*

When an improper question is not answered by the witness, the action of the court in allowing it to be asked constitutes no ground of reversal. Nor is the refusal of an instruction that announces a mere abstract principle of law reversible error.

FROM the circuit court of Copiah county.

HON. J. B. CHRISMAN, Judge.

The opinion states the case. The statute under which the appellant was convicted (§ 1004, code 1892) is as follows: "Any person who shall seduce and have illicit connection with any female child under the age of sixteen years, of previous chaste character, shall, upon conviction, be imprisoned in the penitentiary not more than ten years; but the testimony of the female seduced alone shall not be sufficient for conviction."

*R. N. Miller*, for the appellant.

The crime of seduction was unknown to the common law,

and is purely statutory. The carnal knowledge of a child under ten years of age being rape under § 1281, code of 1892, there should have been an allegation in the indictment that the female seduced was either over or under that age, so that the accused might be informed of what offense he was charged. To charge seduction in the language of § 1004 of the code was not sufficient, since the language of that statute does not define the crime so as to distinguish it from the offense punished by § 1281. *Harrington* v. *State*, 54 Miss., 490; *Finch* v. *State*, 64 *Ib.*, 461; *Sullivan* v. *State*, 67 *Ib.*, 351; *Jesse's Case*, 28 *Ib.*, 100; 1 Bishop on Crim. Pro., § 610. There is no such thing in our law as the seduction of a child under ten years of age, carnal knowledge of anyone being always rape, and it follows, therefore, that to charge seduction it is as necessary to allege that the female was over ten years of age as that she was under sixteen. For the accepted meaning of the word seduction, see *People* v. *Clark*, 1 Am. Crim. Rep., 660.

The indictment was also uncertain in not charging that the accused was a man, or male person, and also in failing to charge sexual intercourse. The words illicit connection may relate to any unlawful dealing with another—as, the unlicensed sale of liquor, etc.

The indictment was bad, for the reason that it charged the commission of the crime on a day subsequent to that upon which it was returned. Section 1356, code of 1892, only changes the rule in cases where time is not of the essence of the crime. Clearly the time of the commission of the act was of the essence of the crime here charged, for, if committed at a time subsequent to the sixteenth birthday of the female, the accused was not guilty, while he would be if it was committed before that day. The proof showed that the female was over sixteen years of age at the date of the crime as charged in the indictment. Wharton's Am. Crim. Law (3d ed.), 165; *Commonwealth* v. *Maloney*, 112 Mass., 283; *Hodnett* v. *State*, 66 Miss., 26; *State* v. *Branham*, 13 S. C., 389; *Robinson* v.

*State*, 29 Fla., 804; Rapalje's Crim. Prac., § 244, and notes; 1 Bishop's Crim. Prac., §§ 386, 387, 390, 403, 404.

It was error for the court below, over the objection of the accused, to permit the district attorney to withdraw and leave the prosecution in the hands of private counsel. He could no more abdicate his functions or abandon his post than the judge could. *Edward's Case*, 47 Miss., 581; *Durr* v. *State*, 53 *Ib.*, 425; *Turbeville* v. *State*, 56 *Ib.*, 793; 1 Bishop's Crim. Proc., § 282.

When the state's case was closed there had been no proof of the *corpus delicti*, much less had it been brought home to the accused. At this stage of the proceeding the accused called upon the court to require the prosecuting counsel to put the female alleged to have been seduced on the stand as a witness, she being then present in court, in company with the state's witnesses. The court refused to do so, greatly to the surprise of the attorney of the accused. It is not denied that some discretion rests with the prosecuting attorney as to what witnesses he produces on behalf of the state, but the extent of this discretion, save that it must not be exercised so as to work injustice, is still an open question. *Morrow* v. *State*, 57 Miss., 839. See, also, Bishop's Crim. Proc., § 966c. In a well-considered opinion the supreme court of Pennsylvania has condemned the failure to produce the father of the prosecutrix in a seduction trial. *Rice* v. *Commonwealth*, 4 Am. Crim. Rep., 562. The court say: "The commonwealth demands justice, not victims. This belongs to a class of cases where the whole truth should be brought out, if possible." The accused was unfairly forced to call the chief witness of the state.

The instructions asked by the accused should not have been refused, and those given for the state should have been refused. The state failed to prove the *corpus delicti*. With opportunity for physical examination, there was no evidence offered to show that the person of the female had ever been entered, or that, if it had been, the act occurred before she was sixteen years of age

*Frank Johnston*, attorney-general, for the state.

1. The meaning of § 1004, code 1892, is perfectly clear, and the indictment is not bad because it omits to charge that the female seduced was over ten years of age. The fact of an indictment for seduction is itself equivalent to a charge of that fact, for, had she been under that age, the indictment would have been for rape, under § 1281. To bring the offense within the last mentioned section, an indictment must charge either that the act was committed with force or that the female was under ten years of age. This indictment does neither, and the accused could not have been misled. *Mobley* v. *State*, 46 Miss., 501; *Bonner* v. *State*, 65 *Ib.*, 293; *Williams* v. *State*, 47 *Ib.*, 609.

2. The indictment shows that the persons were of different sexes in its general averment of the offense.

3. The Mississippi adjudications cited by appellant in condemnation of the action of the district attorney in leaving the conduct of the trial to other counsel, are not in point. *Durr* v. *State*, 53 Miss., 425, was a case where three private counsel went into the grand jury room with the witnesses. In *Turbeville* v. *State*, 56 *Ib.*, 797, the judge absented himself during the trial. The matter is largely one of discretion with the trial judge. 1 Bish. Crim. Proc., § 284; *Commonwealth* v. *Railroad Co.*, 15 Gray (Mass.), 447; *State* v. *Russell*, 26 La. Ann., 68.

4. It was discretionary with the prosecuting attorney what witnesses should be examined on the part of the state; and to have required him, in this case, to put the female alleged to have been seduced on the stand would have been almost, if not quite, equivalent to compelling him to enter a *nolle prosequi*. The rule in such cases is laid down in *Morrow* v. *State*, 57 Miss., 839, and it is clear therefrom that error cannot be predicated of the action of the court below in this respect.

COOPER, C. J., delivered the opinion of the court.

The appellant has been convicted of the crime of seduction,

and appeals. The indictment, omitting the merely formal parts, is that " C. S. Carlisle, late of the county aforesaid, on the first day of October, A.D. 1895, at the county aforesaid, did, then and there, unlawfully, wilfully and feloniously entice, seduce and have illicit connection with one Miss Maggie Broom, she being, then and there, a female child of previous chaste character, and under the age of sixteen years, and unmarried." To this indictment the defendant demurred, and assigned for cause that said indictment " charged no crime known to the laws of the State of Mississippi."

The objections made to the indictment in the brief of counsel for appellant are: (1) That it does not aver that the defendant is a man; (2) that it does not aver that the female alleged to have been seduced was under the age of sixteen and over ten years of age; (3) that it does not aver by what arts and persuasion the female was seduced; (4) that although the indictment charges that the defendant seduced and had illicit connection with the female, it does not aver that such illicit connection was by sexual intercourse; (5) because the indictment charges that the offense was committed on the first day of October, A.D. 1895, a date subsequent to the return of the indictment, and at a time when the proof shows the woman seduced would have been more than sixteen years of age.

The demurrer was properly overruled.

1. A female under ten years of age is not the subject of seduction under our law, for she is not capable of giving her consent to the act of sexual intercourse, and the carnal knowledge of a child of this age is rape. Code, § 1281. The appellant stood in no danger of being indicted for one offense and convicted of another, for if the evidence had disclosed the fact that the child was under ten years of age, the court would have instructed the jury to acquit. Bishop on Statutory Crimes, 643; *State* v. *Lewis*, 48 Iowa, 578; *State* v. *Kingsley*, 39 Iowa, 439.

2. The first, third and fourth objections to the indictment may be considered together.

That the defendant was a man, and used arts and persuasion to lead the woman astray, and had sexual intercourse with her, are facts necessarily and certainly included in the words of the statute, which are also the words of the indictment.

In *State* v. *Bierce*, 27 Conn., 319, the objection here urged was taken to an indictment for seduction, and the court said: "We think that the averment that the accused 'seduced' the person named in the information, by its very terms, and without any circumlocution or further description, expressed so clearly and unmistakenly the offense charged, that the accused could not be misled or at a loss respecting it. The word 'seduce,' although a general term, and having a variety of meanings, according to the subject to which it is applied, has, when it is used with reference to the conduct of a man towards a female, a precise and determinate signification, and is universally understood to mean an enticement of her on his part to the surrender of her chastity, by means of some art, influence, promise or deception calculated to accomplish that object, and to include the yielding of her person to him, as much as if it was expressly stated. The word 'seduction' used in reference to a man's conduct towards a female, *ex vi termini*, implies sexual intercourse between them." Bishop on Statutory Crimes, § 645; *State* v. *Curran*, 51 Iowa, 112.

By our statute, code, § 1356, it is provided that "an indictment for any offense shall not be insufficient for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened, nor for the want of a proper or perfect venue."

Under the strictness of the common law, the time, place and manner of the act charged were required to be set out with particularity and proved as laid, but, under the more modern practice, brought about in large degree by statutes, these

things are required to be stated only when they constitute essential elements of the offense or of the jurisdiction of the courts. Time is not of the essence of the crime of seduction, for, whether the act be done one day or another, the offense is equally committed and equally complete. The appellant is charged with having seduced Maggie Broom on a day named in the indictment, but subsequent to its return. But the indictment contains the further allegation that she was then under sixteen years of age—that is, that she, when seduced, was under sixteen; not that she was under that age on the precise day named in the indictment. On a plea of guilty to the indictment, sentence might have been pronounced, because, on the record, it would appear that a particular offense—the seduction of a female under sixteen years of age and of previous chaste character—had been committed. And since the time when the act was done would neither qualify the act or its punishment, and would be neither a matter affecting the essence of the crime nor one of essential description thereof, it need not be precisely laid nor proved as averred.

The authorities cited by counsel for appellant belong to a totally different class of cases. *State ·v. Branham*, 13 S. C., 389; *Commonwealth* v. *Maloney*, 112 Mass., 283, and *Hodnett* v. *State*, 66 Miss., 26 (*Robinson* v. *State*, 29 Fla., 804, is a miscitation, and we have not found the case), are all cases of indictments under statutes in which the statutes had been passed or amended so as to increase the punishment after the day named in the indictment. In those cases it was very correctly held that, if the time laid in the indictment antedated the statute, no conviction could be had, for the reason, if the indictments were confessed by plea of guilty, no sentence could be passed, since, on the face of the record, it would appear that doing the act at the time named was not an offense.

When the case was called for trial, the district attorney, desiring to absent himself from the court, was permitted to withdraw from the prosecution, and leave the management of it to

private counsel who had been retained, and to this the defendant excepted, and now assigns the same for error.

We think no error was therein committed. In *Byrd* v. *The State*, 1 How., 247, the same error was assigned and disallowed, the court holding that the district attorney was only required to perform such acts in the prosecution as were in their nature official—as, signing the indictment, etc.—but that, when all preliminaries to the trial requiring official action have been performed, the management of the prosecution may be intrusted to others.

A more stringent rule is applied where private counsel intrude upon the deliberation of the grand jury, with which body none but official communication should be had. *Durr* v. *State*, 53 Miss., 425; *Welch* v. *State*, 68 Miss., 341; *Wilson* v. *State*, 70 Miss., 595.

Upon the conclusion of the evidence for the state, the woman alleged to have been seduced being in court, and not having been introduced as a witness, the defendant asked the court to require the state to call her to the stand as its witness. This the court declined to do, and the defendant excepted. He then called her as his witness, and assigned for error the action of the court in not compelling the state to introduce her.

The question involved was discussed by this court in *Morrow* v. *State*, 57 Miss., 836, in which case this court, while doubting the accuracy of the rule laid down by Judge Ruffin in *State* v. *Martin*, 2 Ind., 120, "that it was the province of the solicitor, and not of the court, to determine who should be the state's witnesses," declared that, if the action of the court in this respect could be at all assigned for error, a clear abuse of judicial discretion must be shown to warrant a reversal.

We are of opinion that no abuse of discretion here appears. The whole evidence shows that Miss Broom was not an unfriendly witness to the defendant, and her own testimony, if credited by the jury, would have secured his acquittal. Though the law visits its penalty on the seducer only, it does not follow

that the woman is viewed wholly as his victim, and herself free from fault. The proof of his guilt is that of her shame, and circumstances may frequently exist, as here, under which acquittal of one undoubtedly guilty would result if the testimony of the woman were received as true. We do not think the state should be required to produce and vouch for any witness, even though, in the nature of things, he must know all the facts, when the probabilities are that he will, by false swearing, attempt to establish the innocence of the accused.

Counsel for appellant complains bitterly of the course pursued in the trial in the examination of witnesses, but he fails to point to the error upon which he relies. We have read the record carefully, and find that many objections were noted on which the court made no rulings. Sometimes objections were made to questions propounded to the witnesses, and overruled by the court, and exceptions taken, and then no answer was given by the witness. We find only one instance in which error was committed, and in that the testimony was immaterial, and in reference to a fact already proved.

On the sufficiency of the evidence we are free from doubt no other verdict could have been returned. We need not recite the pathetic history of this crime in its details. The unhappy parents of the misguided and wayward child, chained by poverty and the necessity of daily labor for support to the inhospitable home of the appellant, saw and strove in vain to avert her impending dishonor. They appealed to the defendant to spare the virtue of the girl, for in her station it was all she had, and he replied that nothing but death should impede his pursuit. They sought refuge in flight, and the defendant pursued, abducted the girl and returned with her from a distant county to the scene of her shame. She was with him alone through the journey of nearly one hundred miles, traveling in a buggy. He was seen lying across her bed. For hours she was with him alone in his own house with the doors closed, while his family was absent at church, and finally she remained on his

place when her family had removed, living alone in the deserted house, fed by him, and was with him in his field when he was arrested on a warrant sworn out by her long-suffering father. During this time he was promising to divorce his wife and marry her, as she herself admits. In the face of all this evidence, it is impossible to doubt his guilt.

The instructions, we think, fairly submitted the law of the case to the jury. Those asked by the defendant, and refused, generally referred to the subject of an attempt by the defendant to commit the crime, if the jury should think the girl was not in fact seduced. But since the verdict was guilty of the actual offense, these need not be further considered.

The second instruction refused might well have been given, but it announces a mere abstract proposition of law, and it may with confidence be affirmed that in the light of the evidence, and the other instructions given, the defendant suffered nothing by reason of its refusal.

*The judgment is therefore affirmed.*