## L. L. HERRINGTON v. STATE.

[53 South. 783.]

CRIMINAL LAW. *Grand jury. Examination of witnesses before. ´Outsiders taking part in deliberations.*

It is improper for a witness before the grand jury to be examined by any one, other than members of the grand jury and the district attorney. It is also improper for any outsider to take any part in the´ deliberations of the grand jury. In.such case the indictment should be quashed.

APPEAL from the circuit court of Jefferson Davis county.

HON. A. E. WEATHERSBY, Judge.

The facts are fully stated in the opinion of the court.

*R. H. Dale* and *Dale & Hall,* for appellant.

Appellant, Litt Herrington, was indicted by the grand jury of Jefferson Davis county at the December, 1907, term for the unlawful sale of intoxicating liquors. At the regular May term of the circuit court of said Jefferson Davis county, 1910, said appellant, Litt Herrington, was tried for said offense and was convicted and sentenced to pay a fine of five hundred dollars and to the county jail for ninety days.

The record discloses the fact that when the witness, Jordan Turner, upon whose testimony the bill of indictment was returned against appellant, Litt Herrington,

was before the grand jury, the grand jury sent out after the sheriff, John Laird, and had him go before their body and there remain while said witness, Jordan Turner, was giving in his testimony, and had the said sheriff, John Laird, to assist them in the interrogation of said witness. The record discloses the further fact that it was not until after said sheriff, John Laird, was carried into the grand jury room at their request, that said Turner gave the testimony sufficient upon which the grand jury could return an indictment. This we contend is fatal to the indictment, and the plea in abatement which was filed by counsel for appellant should have been sustained in his favor and appellant discharged.

It is evident from the record that witness, Jordan Turner, would not have given the testimony upon which the bill of indictment was returned against appellant, Litt Herrington, if the grand jury had not procured the presence of said sheriff, John Laird.

It has been held by this court that even where permission was given by the court to an attorney who was employed to assist in the prosecution to go before the grand jury with the witness, and there act for the district attorney in framing the indictment, was improper and error. *Billdurr* v. *State,* 53 Miss., page 425.

It has been held in this state that ''Where an attorney, who though not employed to prosecute goes before the grand jury and as a private prosecutor—not a witness—uses his influence in furtherance of a presentment, which is made, the indictment will be held invalid.'' *George Wilson* v. *The State,* 70 Miss., page 595.

A plea in abatement to an indictment is good which alleges that the attorney for the prosecution procured himself to be summoned as a witness before the grand jury urging the finding of an indictment. ''An indictment found under such circumstances should be quashed.'' *Welch* v. *The State,* 68 Miss., page 341.

In a case where it appeared that the bailiff and one member of the grand jury had entered a bar room and taken a drink, this court in passing upon this very point said, ''It is not every act of misconduct on the part of jurors which may entitle the defendant to a new trial, but where such acts are shown, if they are of such character as may have prejudiced the defendant the presumption is that they did, and it devolves upon the state to establish the fact that such result did not follow.'' *Green* v. *The State,* 59 Miss., page 501. It is our contention that by not any means is it shown in this record that appellant, Litt Herrington, was not prejudiced by the presence of said sheriff, John Laird, in the grand jury room while said witness, Turner, was testifying there, and if it developed that there were present in the grand jury room others than that of the members of the grand jury and the witness himself, then it devolves upon the state to show that said witness was not influenced, and this, as we contend, has certainly not been shown in this case. In fact, it appears from the record that if the grand jury had not procured the presence of said sheriff, John Laird, witness Turner would never have given them the testimony upon which they returned this bill of indictment.

''At common law the presence of any person other than the witness undergoing the examination and the attorney for the state during the proceedings of the grand jury, is grounds for quashing.'' 22 Cyc., page 421.

''The presence of an expert witness while other witnesses are being examined before the grand jury and is propounding questions to them vitiates an indictment; and the court will not inquire whether the accused was prejudiced thereby.'' 6 Encyclopedia of Evidence, page 249. If this be the true rule, then when it appears to this court that the sheriff was in the grand jury room with witness Turner and there took a part in the exam-

ination and propounded questions to him, then as a matter of law that fact itself vitiates the indictment whether the accused was prejudiced thereby or not.

We think it is the purpose of the law that when a witness is before the grand jury testifying about any matter that he should not be subjected to the influence of any other person except that of the members of the grand jury themselves. We believe that the plea of abatement filed by appellant, Litt Herrington, should have been sustained and he discharged by the court. We think it was manifestly error on the part of the trial court in overruling appellant's motion in arrest of judgment.

*Jas. R. McDowell,* assistant attorney-general, for appellee.

There is only one assignment of error which need be introduced: Should the court have sustained a plea in abatement because of the presence of the sheriff in the grand jury room when the prosecuting witness was testifying before the grand jury?

By reading the record, the court will see that the sheriff went to a picnic where it was reported that appellant and others were selling liquor. The sheriff saw the appellant give a package to Turner, the prosecuting witness, and he afterwards hunted up Turner and found that it was a bottle of whiskey. It will be seen from the record that appellant and members of his family threatened violence to Turner if he testified against him. The sheriff gave Turner's name to the grand jury to be summoned as a witness. Turner, who is a negro, appeared and seemed to be badly frightened and was very reticent in giving any information to the grand jury. The district attorney, or the foreman of the grand jury, sent for the sheriff and he came into the grand jury room. I quote from the testimony of the sheriff on page 19:

"They had Joe before the grand jury. The district attorney sent for him to come to the grand jury room, and I went down and he told me old Joe would not testify and he had threatened to send him to jail, and he asked me if this was the darkey I gave the name of, and I told him he was, and I made the remark and said, 'Joe, you can tell about that bottle of whiskey I caught you with in the woods, and you promised me that day if I let you alone, you would tell it before the grand jury.' "

The foreman of the grand jury testifies that the sheriff made no threats toward the witness or did not attempt to frighten him and that the sheriff, in no way influenced the action of the grand jury. He testifies that he is not sure whether the witness would ever have told of the transaction, had not the sheriff been sent for; but I submit that this is not bringing any undue influence upon the grand jury.

It is well known that witnesses can be compelled to testify before the grand jury, and can be sent to jail for not doing so. What the grand jury wants is for witnesses to tell the truth about violations of law, and they have a right to compel them to do so. This witness evidently did tell the truth, for on the trial on the merits he made out a clear case against the appellant.

All the cases which condemn the presence of outsiders in the grand jury room, do so on the idea that there is some effort made or attempted to be made to influence the grand jury in some way. No such case is here presented. This court has held, in the case of *State* v. *Beacon,* 77 Miss. 366, where it has shown that the bailiff was in the grand jury room part of the time during the deliberations of the grand jury, and that an intruder applied for admission several times and that he was finally admitted and testified that he knew nothing of his own knowledge, and that he sought to have the defendant indicted, that such conduct was not ground suffi-

98 Miss.]                    Brief for appellee.

cient to sustain a motion to quash. Judge Whitfield said, in that case: ''The proof clearly shows that the bailiff exerted no influence on the grand jury;'' citing *Green* v. *State,* 59 Miss. 505. He also says: ''The intruder did not act as district attorney, did not have the witnesses summoned for the state, and did not draw the indictment. The action of the grand jury must be free from malice, prejudice or passion. But its solemn findings are not to be set aside for light or trivial causes, or anything short of a sufficient, substantial showing.''

In the *Welch case,* 68 Miss. 341, attorney for the prosecution procured himself to be summoned and addressed the grand jury, urging them to find an indictment. Of course, such action was improper, as his conduct in all probability did influence the grand jury.

The *Wilson case,* 70 Miss. 595, presents the same state of facts. The case at bar, however, differs from them both. He did not attempt to influence the grand jury, and the undisputed testimony is that he did not influence it in its deliberations or did not assist in interrogating the witness. He simply, at the request of the district attorney, identified the witness, and, without being asked to do so, told the witness to tell the grand jury about the whiskey he had bought, as he had told him he would do. This would not, of course, influence the grand jury, though it might, I am frank to say, have been instrumental in making the witness speak out, but that of itself would not constitute reversible error any more than a threat by the district attorney or foreman of the grand jury to put the witness in jail if he did not testify.

In the case of *Rogers* v. *State,* 40 So. 744, the court held that a witness could be compelled to testify, even though it meant a breach of his pledge of secrecy, and upheld the jail sentence imposed upon the witness for refusing, to do so. Certainly, the action of the sheriff in merely designating to the grand jury that this was

the same party whom he had seen buy the whiskey and then telling the witness to tell the grand jury about it was not violation of the law. I realize that it is treading upon dangerous ground at all times for any outsider to enter the sanctuary of the grand jury, but in the face of positive proof that the presence of one not entitled to be there did not influence the grand jury in its findings. I maintain that their findings should not be set aside merely because of a technical infraction of legal procedure.

Smith, J., delivered the opinion of the court.

The defendant was indicted and convicted in the court below for the unlawful sale of intoxicating liquor. The principal witness for the state, and the one upon whose testimony the indictment was found, was one Jordan Turner. The name of this witness was given to the district attorney by the sheriff of the county, who claims to have seen the witness with a bottle of liquor shortly after the alleged purchase thereof. When this witness appeared before the grand jury, neither the foreman thereof nor the district attorney were able to elicit from him any information relative to the alleged sale, although he was threatened with imprisonment. Thereupon the sheriff was sent for. When he came into the grand jury room, he reminded the witness of what he had seen, remained in the room during the remainder of the examination of the witness, and conducted a part of it himself. The result of this was that testimony was obtained from the witness upon which the indictment was found. A plea in abatement was filed setting up these facts. This plea seems to have been treated as a motion to quash, and was by the court overruled.

It is improper for a witness before the grand jury to be examined by any one other than members of the grand jury and the district attorney. It is also improper for any outsider to take any part in the deliberations of

the grand jury. *Durr* v. *State,* 53 Miss. 425; *Wilson* v. *State,* 70 Miss. 595, 13 South. 225, 35 Am. St. Rep. 664; *Welch* v. *State,* 68 Miss. 341, 8 South. 673. Without the assistance of the sheriff, this evidence would not have been obtained, and the indictment could not have been found.

*The judgment of the court below is therefore reversed, the indictment quashed, and the defendant held to await the action of another grand jury.*