SHUGE COLLIER *v.* STATE.

[61 South. 689]

GRAND JURY.    *Presence of unauthorized person.    Indictment.*

> Where a private prosecuting attorney without being summoned appeared before the grand jury and addressed it at length while it was deliberating on the charge against defendant and shortly afterward the grand jury returned an indictment against him, such indictment was invalid and will be quashed.

APPEAL from the circuit court of Leake county.
HON. C. L. DOBBS, Judge.

Shuge Collier was indicted for murder. From a judgment overruling his motion to quash the indictment, he appeals.

The facts are fully stated in the opinion of the court.

*T. B. Sullivan,* attorney for appellant.

The motion to quash the indictment in the above styled case certainly should have been sustained. Constitution of Mississippi of 1890, sec. 27; Code 1906, secs. 1427, 2710; *Durr* v. *State,* 53 Miss. 425; *Welch* v. *State,* 68 Miss. 341; *Wilson* v. *State,* 70 Miss. 595; *Blau* v. *State,* 82 Miss. 514; *Fuller* v. *State,* 85 Miss. 199; *State* v. *Mitchel,* 48 So. 963; *Herrington* v. *State,* 53 So. 783; *State* v. *Barnett,* 98 Miss. 812, 54 So. 313.

It is a serious mistake to suppose that the right of one accused or suspected of crime to the orderly and impartial administration of the law begins only after indictment. Immunity from prosecutions for indictable

offenses, except by presentment by the grand jury, is declared and preserved by the organic law of this and all the other states, and though by reason of the secrecy of the proceedings before that body its action is seldom brought in review, it cannot be doubted that one whose acts are there the subject of investigation is as much entitled to the just, impartial, and unbiased judgment of that body as he is to that of the petit jury on his final trial, nor that it is as essential before the one body as the other that private ill will, or malevolence shall be excluded.

The facts set out in the motion to quash the indictment, being admitted to be true, the state offered not a word, not a witness to overthrow, traverse, or contest said motion. And engaged in a very short cross-examination of the witnesses introduced by defendant supporting this motion to quash. *Farrow* v. *State,* 45 So. 619; *Litford* v. *State,* 93 Miss. 419.

*Flowers, Alexander & Whitfield,* for appellant.

The question is in substance presented whether a grand juror may, when brought into the court as a witness, testify to things that occurred while the grand jury was in secret session.

We call the court's attention to the authorities cited by the learned assistant attorney-general on this proposition.

The first one is *Riggs* v. *State,* 26 Miss. 51. This case involved the question as to the competency of a petit juror as a witness to depose to the facts which tended to inculpate the members of the jury. The petit jurors were permitted to testify to improper conduct on the part of the jurors themselves while the case was in their hands for consideration. This court held that it was improper to allow this.

The next case is *Martin* v. *State,* 54 So. 148. The same thing was held in that case, that is, that one member of

the petit jury is not a competent witness to prove misconduct on his own part or on the part of another juror, one of his associates.

The next case and the last one cited by the assistant attorney-general is *Brister* v. *State,* 86 Miss. 461. This decision is upon the same point, that is, that one petit juror is not a competent witness by whom to prove misconduct on the part of his associates in the jury room while the case was under consideration.

Not one of the cases cited by counsel for the state deals with the competency of a grand juror, as a witness, to prove what took place in the grand jury room while the case in hand was under consideration.

There is no decision of this court, as far as we have been able to find, which holds that a grand juror is not a competent witness to prove that was said and done in a grand jury room by others than the members of the grand jury themselves.

Section 2710 of the Code is as follows: "A grand juror, except when called as a witness, in court, shall not disclose any proceeding or action had by that body, in relation to offenses brought before it, within six months after the adjournment of the court at which he was a grand juror; nor shall any grand juror disclose the name or testimony of any witness who has been before it, on pain of fine or imprisonment for contempt of court."

The first case which deals with this section is *Rocco* v. *State* 37 Miss. 257. In that case the court depended upon article 252, page 614 of the Code of 1857, which was the same as section 2710 of the present Code. It was offered to prove by one of the grand jurors by whom the indictment was returned what evidence was offered before the grand jury and what witnesses testified before the grand jury. The court held that it was proper to prove these facts by members of the grand jury. The court said: "Whatever may have been the rule in relation to the competency of these questions before the passage of the pres-

ent Code they are rendered competent by the provision then made upon the subject. Rev. Code, 614, art. 252.''

In *Newman* v. *State,* 72 Miss. 124, the court held that it was not competent to prove by members of the grand jury that the act for which the accused was indicted was committed on a different date from that for which the accused was tried. But this was not on the ground that the member of the grand jury was not a competent witness but on the ground that such evidence would be useless since the accused was being tried for unlawful retailing and could be convicted on any offense committed subsequent to his last conviction or subsequent to the date of the offense of which he was last convicted.

None of the cases cited by the learned assistant attorney-general holds that even a petit juror cannot testify to irregularities. And none of them deals with the question of the competency of grand jurors to prove the misconduct of third parties before or in the presence of the grand jury.

In fact if our court has ever said that it is improper to introduce the members of the grand jury to show what took place in the jury room, we have been unable to find such announcement. On the other hand it seems to have been the practice to prove such facts by members of the grand jury. Unless the accused could prove the facts by the persons who committed the wrong there are no witnesses available under any circumstances ordinarily except the members of the grand jury.

In *Durr* v. *State,* 53 Miss. 425, it was shown in support of a motion to quash an indictment that an attorney employed to assist in the prosecution went before the grand jury with the witnesses and acted as district attorney. The court said that this was improper. It does not appear in that case by whom the facts were proved.

In *Welch* v. *State,* 68 Miss. 341, this court held that an indictment should be quashed where it appeared that an attorney employed to assist in the prosecution had him-

self summoned as a witness before the grand jury and that after he got into the grand jury room he addressed the jury urging the finding of an indictment. The court said:

"In vain the Constitution protects against being proceeded against criminally, by information, for an indictable offense, except in cases mentioned, if grand juries are to be swayed by malice or prejudice or subjected to other influences than those recognized by law as legitimate and proper to guide them in their secret inquest."

In *Wilson* v. *State*, 70 Miss. 595, the court held that the appearance before the grand jury of J. L. Finley with the witness was fatal to the indictment. Mr. Finley was assisting the district attorney in the prosecution though he said that he had not been employed by the Postal Telegraph Company, which was interested in the case because Wilson was charged with forgery and the Postal Telegraph Company was the party defrauded. Two of the grand jurors testified as to the fact of Finley's presence in the grand jury room. These same grand jurors testified that they were not in any way influenced by Finley's presence or conduct. There was no question made as to the propriety of examining the members of the grand jury. The court said:

"It is a serious mistake to suppose that the right of one accused or suspected of crime to the orderly and impartial administration of the law begins only after indictment. Immunity from prosecutions or indictable offenses, except by presentment by the grand jury, is declared and preserved by the organic law of this and all the other states, and, though by reason of the secrecy of the proceedings before that body, its action is seldom brought into review, it cannot be doubted that one whose acts are there the subject of investigation is as much entitled to the just, impartial and unbiased judgment of that body as he is to that of the petit jury on his final

trial, nor that it is as essential before the one body as the other that private ill will or malevolence shall be excluded.''

In *Bacon* v. *State,* 77 Miss. 366, the court held that a showing that a citizen appeared before the grand jury and urged the indictment was not sufficient. In that case the facts were proved by members of the grand jury and no point was made on it. The court said the evidence was not strong enough.

In *State* v. *Barnett,* 98 Miss. 812, 54 So. 313, an effort to quash an indictment was made after an attorney for one of the interested parties appeared before the grand jury and stated the facts to the grand jury. And it appears that members of the grand jury testified, as usual. The court held that the action of the trial judge in sustaining the motion to quash was correct. The decision is based upon the *Wilson case, supra.*

In *Herrington* v. *State,* 53 So. 783, it was made to appear that the sheriff went before the grand jury and assisted in the examination of the witnesses. It does not appear how the facts were proved. The court relies upon the cases of Durr, Wilson and Welch, *supra,* in holding that the indictment should be set aside.

We call the court's attention to the fact that in all these instances where the question has been up before the trial courts, where evidence was taken the members of the grand jury had been introduced. As we have suggested already, there is no way to prove what goes on in the grand jury room except by the members of the jury. And what was offered to be proved in the instant case by the jurors was not with respect to the conduct of the jurors themselves or with respect to their motives or reasons for returning an indictment but for the purpose of showing what an outsider did. The court ruled that the grand juror would not be permitted to testify to anything that was said or done in the grand jury room with reference to this indictment.

We do not think that this court has ever said that grand jurors could not be examined for this purpose. It is not the general rule on the subject. Ordinarily irregularities in the proceedings of a grand jury can be shown by the members of the jury. 4 Wigmore on Evidence, sec. 2364, par. C. On the general principles we ask the court's attention to secs. 2352 and 2364 of 4 Wigmore.

And we quote the following from the Massachusetts court in the case of *Commonwealth* v. *Meade,* 12 Gray, 167: "The reasons on which the sanctions of secrecy which the common law gives to procedings before grand juries are founded are said in the books to be threefold. One is, that the utmost freedom of disclosure of alleged crimes and offenses by prosecutors may be secured. A second is, that perjury and subornation of perjury may be prevented by withholding the knowledge of facts testified to before the grand jury, which if known, it would be for the interest of the accused or their confederates to attempt to disprove by procuring false testimony. The third is, to conceal the fact that an indictment is found against a party, in order to avoid the danger that he may escape and elude arrest upon it before the presentment is made. But when these purposes are accomplished, the necessity and expediency of retaining the seal of secrecy are at an end. *Cessante ratione cessat regula.* After the indictment is found and presented and the accused is held to answer and the trial before the adverse jury is begun, all the facts relative to the crime charged, and its prosecution, are necessarily opened, and no harm can arise to the cause of public justice by no longer withholding facts material and relevant to the issue, merely because their disclosure may lead to the developments of some part of the proceedings before the grand jury. On the contrary, great hardship and injustice might often be occasioned by depriving a party of important evidence essential to his defense, by enforcing a rule of exclusion,

having its origin and foundation in public policy, after the reasons on which this rule is based having ceased to exist."

The Pennsylvania court in *Gordon* v. *Commonwealth,* 92 Pa. 216, said: "The court here for a long time has shown a tendency to modify the strict rule against the testimony of grand jurors, and has manifested a determination to distinguish between the character of testimony offered. A juror may be a competent witness for some purposes and not for others. He shall not testify how he or any members of the jury voted, nor what opinion any of them expressed in relation thereto, nor to the act of either which might involve the finding of the jury. What a witness has testified to before them, however, is quite another thing. A wise public policy, and the right of persons and property, require us to hold the foreman of the grand jury to be a competent witness for the purpose offered."

The principles announced by the above cases were followed in *State* v. *Wood,* 53 N. H. 493, and *Commonwealth* v. *Gaines* 150 Pa. App. 555.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

On the first proposition that the indictment should have been quashed, I think the record shows that there was not sufficient testimony to support the allegations of the motion. The statement of the attorney as to the purpose of the evidence offered by them from the members of the grand jury being to establish merely the record. It is well settled as a rule of law that a juror is not competent to impeach his finding or his verdict. *Riggs* v. *State,* 26 Miss. 51; 1st, Morris, State Cases 674; *Martin* v. *State,* 54 So. 148; *Brister* v. *State,* 86 Miss. 461, 38 So. 678.

Argued orally by *J. N. Flowers,* for appellant and *Geo. H. Ethridge,* assistant attorney-general, for the state.

REED, J., delivered the opinion of the court.

A motion was made to quash the indictment for murder against appellant, for the reason that a private prosecuting attorney, not having been summoned in the case, was permitted to go before the grand jury and influence them while they were deliberating on the charge against appellant. This appeal is taken from the action of the trial court in overruling the motion.

We believe that there was sufficient testimony to support the averments of the motion. It is shown in the testimony taken upon the hearing of the motion that the attorney stood for thirty or forty minutes and addressed the jury and that an indictment was found against appellant immediately after he retired. The clerk of the jury, in answering the questions as to how the attorney got before the jury said: "He came in of his own free will and accord." It has been deemed improper, in this state, for a private prosecuting attorney to use his influence before a grand jury to secure an indictment. Indictments obtained in cases where such influence has been used have been decided to be invalid. The purpose of the grand jury is to make inquiry regarding crimes which have been committed within its jurisdiction, and in cases where the testimony is sufficient to present for trial the alleged offenders against the law. It is the office of the institution to bring to trial persons accused, and it must also be used as a means to protect citizens against unfounded accusations, through a private, though full, examination of all the facts and circumstances connected with the charge.

The question before us has been frequently considered and passed upon in this state. In the case of *Durr* v. *State,* 53 Miss. 425, it was decided that it was improper for the court to permit an attorney who had been employed to assist in the prosecution to come before the grand jury, with witnesses, and there act for the district attorney in framing an indictment. In *Welch* v. *State,*

68 Miss. 341, 8 South. 673, an attorney procured himself to be summoned as a witness before the grand jury, and, thus introduced addressed the jury, urging the finding of an indictment. Judge CAMPBELL, in delivering the opinion of the court, in which it was decided that the indictment should be quashed, said: "In vain the Constitution protests against being proceeded against criminally, by information, for an indictable offense, except in cases mentioned, if grand juries are to be swayed by malice or prejudice or subjected to other influences than those recognized by law as legitimate and proper to guide them in their secret inquest. 'The recognition of such a mode of reaching grand juries (as was alleged in this case) would introduce a flood of evils disastrous to the purity of the administration of criminal justice, and subversive of all public confidence in the action of these bodies.' It is true that one indicted is to be tried by his peers, and if falsely accused may expect a deliverance; but he is entitled to attack the prosecution *in limine*, where it is procured by means unknown to and unsanctioned by law."

Judge COOPER, discussing the same subject in the case of *Wilson* v. *State*, 70 Miss. 595, 13 South. 225, 35 Am. St. Rep. 664, wherein it was decided that an indictment should be quashed because a private prosecuting attorney appeared before the grand jury for the purpose of securing an indictment said: "It is a serious mistake to suppose that the right of one accused or suspected of a crime to the orderly and impartial administration of the law begins only after indictment. Immunity from prosecutions for indictable offenses, except by presentment by grand jury, is declared and preserved by the organic law of this and all other states, and though, by reason of the secrecy of the proceedings before that body, its action is seldom brought in review it cannot be doubted that one whose acts are there the subject of investigation is as much entitled to the just, impartial, and unbiased judg-

ment of that body as he is to that of the petit jury on his final trial, nor that it is as essential before the one body as the other that private ill will or malevolence shall be excluded." In *State* v. *Barnett,* 98 Miss. 812, 54 South. 313, it was held that an indictment should be quashed where the attorney of the person alleged to have been defrauded in the charge of obtaining money under false pretenses appeared before the grand jury and drew the indictment. And in *Herrington* v. *State* 98 Miss. 411, 53 South. 783, where the sheriff went before the grand jury and assisted in the examination of the witnesses, it was decided that it was improper for an outsider to take any part in the deliberations of the grand jury.

It appears in this case that the private attorney who went before the grand jury had not been summoned as a witness in the case against appellant, that he was not an officer having any duty to perform in the matter before the jury, and that he was in fact an outsider. The purpose of the law is to prevent outsiders from taking any part whatever in the deliberations of the jury, and to prevent them from influencing the jury in any manner and to any extent in their effort to reach proper conclusions. It must have been the purpose of the attorney in this case, when he went before the grand jury, to advance in some way the prosecution of the case against the appellant. We emphatically disapprove of all interference or influence by outsiders with the grand jury during its deliberations. Its members should be permitted to act free from sway or control from any source. As an informing and accusing tribunal it has an important and solemn responsibility. It owes a duty to the state and a duty to the citizen. Its performance of these duties should be without fear or favor, or any other manner of influence.

The judgment of the court below is reversed, the indictment quashed, and the defendant held to await the action of another grand jury.

*Reversed.*