## Lewis *v*. State.

[96 So. 737. No. 23156.]

Grand Jury. *Grand juror not authorized by statute to impeach his own finding.*

Code 1906, sec. 2710 (Hem. Code, sec. 2203), providing that grand juror, "except when called as a witness in court," shall not disclose any proceeding or action had by the grand jury within six months after adjournment, nor disclose name or testimony of any witness, does not authorize grand juror to impeach his own finding, when called as a witness.

On Suggestion of error. Suggestion Overruled. For former opinion, see 132 Miss. 200, 96 So. 169.

Holden, J., delivered the opinion of the court.

Counsel for the appellant suggest that we erred, in our former opinion in this case, in holding that the testimony of a grand juror, impeaching his finding of an indictment, is incompetent and inadmissible. It is urged that our holding in this regard is contrary to the rule as announced in *Rocco v. State,* 37 Miss. 357, and is especially in conflict with *Collier v. State,* 104 Miss. 602, 61 So. 689, 45 L. R. A. (N. S.) 599. And it is contended, also, that it is not incompetent for a grand juror to impeach his finding, in view of section 2710, Code of 1906 (Hemingway's Code, sec. 2203), and the point is made on this suggestion of error that we must overrule the Rocco and Collier cases, *supra,* if our opinion in the case at bar is to stand.

We have carefully considered the suggestion of error, *in banc,* and have decided to overrule it, upon the ground that the former opinion announces the sound and correct rule. The Collier case, *supra,* cited as being in conflict with the rule announced in the instant case, has been reviewed and considered by us, and, while there is a division of the judges on the question of

whether the Collier case is in point, it is the opinion of all of the members of the court that the rule announced in the case at bar is the correct rule, and that, if the Collier case, or any other prior decision of this court, is in conflict with the rule herein anounced, it is hereby overruled.

We see no particular value in discussing the question of whether the Collier case is in conflict with the present holding, because a conclusion either way would not alter the decision rendered in the case. If the point was deciding in the Collier case, it does not so appear from the opinion, although the record inferentially discloses that that was one of the questions presented by counsel in the case. It may have necessarily been decided, yet is not mentioned in the opinion. However, we shall set the matter at rest by overruling any prior decisions in conflict with the rule announced in the case now before us.

It is urged that section 2710, Code of 1906 (Hemingway's Code, sec. 2203), is to be construed to mean that as a grand juror may be called as a witness, he is, therefore, competent to impeach his own finding of an indictment. We do not so understand the meaning of the statute; but it is our opinion the statute merely provides the grand juror must keep secret the actions in the grand jury room, except when called as a witness in court to testify in proper cases where his testimony otherwise would be competent. And that construction is not contrary to the Rocco case, *supra*, as urged by appellant. It was not the purpose of the statute to make admissible testimony which was previously incompetent. Therefore, we are unable to agree with counsel that this statute expressly or by implication grants the right of a juror to impeach his own finding.

The suggestion of error is overruled.

*Overruled.*