218 So.2d 743 (1969)
STATE of Mississippi
v.
L.E. MATTHEWS, Jr.
No. 45255.
Supreme Court of Mississippi.
February 10, 1969.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellant.
Sullivan, Sullivan & Keyes, Jackson, for appellee.
RODGERS, Justice:
Appellee, L.E. Matthews, Jr. was indicted along with nine others on a felony charge by the Grand Jury of the Circuit Court of the First Judicial District of Hinds County, Mississippi. The charge involved the alleged bombing of a local real estate office located in the City of Jackson, Mississippi. The only testimony taken before the Grand Jury was that of Detective John Chamblee of the Jackson Police Department who had no personal knowledge as to the testimony given by him, but testified from the files of the Jackson Police Department and the files of the Federal Bureau of Investigation.
After taking testimony to sustain the fact that all evidence taken before the Grand Jury was hearsay, a motion was duly made by the Defendant, L.E. Matthews, Jr., along with two other defendants that said indictment returned against them be quashed for the reason that said testimony was hearsay. The Court sustained the motion and entered a judgment quashing the indictment.
The State of Mississippi has appealed to this Court from the judgment of the trial court and now contends that the trial court erred in sustaining the motion to quash the indictment; because, it is said, the Federal Court has permitted indictments to be returned by the Federal Grand Jury upon hearsay evidence taken from government files and the unsworn statements of other officers who are not presented *744 to the Grand Jury. See cases collected in Annotation, 59 A.L.R. 567 (1929).
This procedure is of course based upon the general rule that the law does not permit the court to go behind an indictment to inquire into the evidence considered by the Grand Jury to determine whether it was in whole or in part competent and legal. This Court has adhered to this rule in the following cases: Smith v. State, 61 Miss. 754 (1844); Kyzar v. State, 125 Miss. 79, 87 So. 415 (1921); Baldwyn v. State, 125 Miss. 561, 88 So. 162 (1921); Blowe v. State, 130 Miss. 112, 93 So. 577, 24 A.L.R. 1429 (1922); Simmons v. State, 165 Miss. 732, 141 So. 288 (1932).
The appellee contends, however, that the trial judge was correct in quashing the indictment in the instant case, because of the holding of this Court in the case of State v. Owen, 156 Miss. 487, 126 So. 25 (1930). In that case this Court said:
"The investigations of the grand jury should be confined strictly to the testimony of witnesses having a knowledge of the facts touching the matters under inquiry." 156 Miss. at 498, 126 So. at 28.
This statement is, of course, correct, and the trial judge should so instruct the Grand Jury in his charge to it. Miss.Code 1942 Ann. § 1781 (1956). However, the question before the Court in the Owen case was not a question of competency of testimony before the grand jury, but rather, a question of undue influence having been brought to bear upon the grand jury to insure the return of an indictment against the defendant.
The Court also said in Owen:
"If the law and order league is permitted to enter, the league against law and order will find its way in. It is hard to tell sometimes who is for law and order and who is against. Not all are righteous who wear the cloak of righteousness. There is only one safe, sound rule, and that is to close the door of the grand jury room tight against all outside influences." 156 Miss. at 498, 126 So. at 28.
The Court reexamined the Owen case in Simmons v. State, 165 Miss. 732, 141 So. 288 (1932), and pointed out that the indictment is protected from an attack upon the grounds that the evidence before the Grand Jury was hearsay, illegal or insufficient.
There are other cases reported from this Court where the indictment was quashed because improper influence was brought to bear upon the grand jury. See Durr v. State, 53 Miss. 425 (1876); Welch v. State, 68 Miss. 341, 8 So. 673 (1891); Herrington v. State, 98 Miss. 410, 53 So. 783 (1910); Collier v. State, 104 Miss. 602, 61 So. 689, 45 L.R.A.,N.S., 599 (1913); State v. Korndoffer, 126 So. 28 (Miss. 1930); State v. Patrick, 126 So. 29 (Miss. 1930); Sanders v. State, 198 Miss. 587, 22 So.2d 500 (1945).
The instant case is not a case where improper influence was brought to bear upon the grand jury as was true in the Owen case, supra. It is not a case where no evidence whatsoever was presented to the grand jury as shown by the list of witnesses required to be kept (42 C.J.S. Indictments and Informations § 24 (1944)). It was therefore improper for the trial court to quash the indictment upon the ground that there was illegal or insufficient evidence presented to the grand jury.
The judgment of the trial court is therefore reversed, and the indictment against the appellant L.E. Matthews, Jr. and the others named in the indictment is reinstated, and this case is remanded to the trial court for further proceedings to accord with the foregoing opinion.
Reversed and remanded.
GILLESPIE, P.J., and JONES, BRADY and SMITH, JJ., concur.