**6/17/97**

IN THE COURT OF APPEALS

OF THE

STATE OF MISSISSIPPI

NO. 95-KA-00508 COA

STATE OF MISSISSIPPI

APPELLANT

v.

ROBERT T. BALLARD A/K/A ROBERT TOM BALLARD

APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. LAMAR PICKARD

COURT FROM WHICH APPEALED: JEFFERSON COUNTY CIRCUIT COURT

ATTORNEYS FOR APPELLANT:

OFFICE OF THE ATTORNEY GENERAL

BY: EDWIN A. SNYDER

JOHN HUEY EMFINGER

ATTORNEY FOR APPELLEE:

T. JACKSON LYONS

DISTRICT ATTORNEY: ALEXANDER C. MARTIN

NATURE OF THE CASE: CRIMINAL- FRAUD

TRIAL COURT DISPOSITION: DISMISSAL OF INDICTMENT - MOTION TO QUASH
GRANTED

MOTION FOR REHEARING FILED:7/21/97

CERTIORARI FILED: 9/23/97

MANDATE ISSUED: 12/2/97

BEFORE THOMAS, P.J., COLEMAN, AND KING, JJ.

THOMAS, P.J., FOR THE COURT:

This is an appeal by the State of Mississippi from a judgment of the Jefferson County Circuit Court granting a motion to quash an indictment against appellee Robert T. Ballard. Under the indictment, Ballard was charged with the crimes of forgery and fraud. We reverse and remand for proceedings consistent with this opinion.

## PROCEEDINGS BELOW

On April 11, 1994, Robert T. Ballard, a member of the Jefferson County Board of Supervisors, was charged in a single indictment with two counts of intent to defraud Jefferson County and one count of uttering a forged document. The charges arose out of Ballard's efforts to obtain money from a county administered program whose purpose was to repair the homes of people with low to moderate income.

The indictment charged that Ballard, with the intent to defraud Jefferson County of money, submitted documents to the county which falsely stated that: (a) that Eddie Tillman was the contractor who agreed to repair the house of Ballard's mother-in-law for the sum of $3,600, and (b) that Tillman completed the work on said house and agreed to accept a lesser amount of money for this work. The indictment also alleges that Ballard forged the endorsement signature of Eddie Tillman on a check. The State's intent was to prove that Tillman was never a party to such contract, that Tillman did no work on this house, and that Ballard had no authority to sign Tillman's name to the check.

At different times during the proceedings, Ballard filed motions to quash and/or dismiss the indictment, asserting that: (1) exculpatory evidence was withheld from the grand jury; (2) the indictment was "politically motivated" and contained allegations which were false and unsupported by the evidence; and (3) no crimes were committed. The State asserts and the record reflects that the defendant did not attack the legal sufficiency of the indictment or the power of the grand jury to return the indictment. Instead, it was the factual sufficiency of the evidence which Ballard questioned. Specifically, Ballard's motion states that the allegations contained in the indictment are "completely false [and] politically motivated."

On March 6, 1995, the case was called for trial and the State announced that it was ready to proceed. Ballard, at this time, made his motion to quash the indictment and dismiss the proceedings. The court then excused the jury until the next morning in order to conduct a hearing on the motion.

During the motion hearing, counsel for Ballard presented three witnesses including Ballard. These three witnesses supplied a version of the facts supporting Ballard's contention that no crime was committed. In his testimony, Ballard claimed that Charles Evers, who testified before the grand jury, harbored some animosity toward him and was biased. Additionally, Ballard complained that a witness whom he wanted to testify before the grand jury was not allowed to do so. The testimony at the

motion hearing was submitted in support of Ballard's argument that the action against him was "politically motivated."

To rebut the testimony of Ballard and his witnesses, the State submitted an audio tape recording of Eddie Tillman, one of the witnesses it intended to call at trial. Tillman's version of the events was inconsistent with Ballard's and tended to show that Ballard was guilty of committing the crimes charged in the indictment. Despite this proffer by the State, the trial court found that the charges were politically motivated and that the State lacked sufficient evidence to support a guilty verdict. The trial court thereby granted Ballard's motion to quash the indictment and dismiss the proceedings. The State appeals the trial court's ruling, asserting that the court erred when it considered the sufficiency of the evidence to establish guilt in making its decision.

## FACTS

This case involves funds provided to local governments by a Federal community development block grant administered by the Mississippi Department of Economic and Community Development. Grants may be applied for by counties wishing to participate. Jefferson County, Mississippi was awarded funds to use in repairing the homes of its residents having low to moderate income.

Wayne Smith, a member of the Jefferson County Board of Supervisors, was appointed to be the local administrator of the funds. When the grant funds were nearly depleted, Mr. Smith asked the other members of the Board of Supervisors if they had anyone else in their districts who could use the remaining money. Ballard requested that this money be allocated for repairs to his mother-in-law's house. Smith told Ballard that $3,600.00 remained in the fund for this purpose, and assisted Ballard in the preparation of the contract for repairs. This contract designated Eddie Tillman as the contractor and Minerva Cosey as the homeowner. Smith instructed Ballard to have the contractor and the homeowner sign this contract. On October 8, 1993, Ballard returned the contract to Smith, who approved it. The contract specifically stated that the funds were not to be paid until the work on the home had been completed. Ballard later asserted to the Board that the repairs were completed and that the contractor had requested payment. The Board of Supervisors approved the request and gave Ballard a check for $3,600.00 on November 22, 1993. Ballard cashed the check the next day, then subsequently redeposited the funds into a county account. According to Ballard, he redeposited the funds upon learning that no repairs to the home had been done. Ballard, nevertheless, later attempted to procure the money on two separate occasions, claiming the work had been completed. These attempts were thwarted by Charles Evers, the chancery clerk. Evers, whose signature was required on the checks, refused to sign due to irregularities surrounding the transaction. Coincidentally, Evers, it seems, disliked Ballard for reasons unworthy of speculation. Although additional facts exist, their recitation is not necessary to the disposition of this case.

## ANALYSIS

DID THE TRIAL COURT ERR IN CONDUCTING A PRETRIAL HEARING TO TEST THE SUFFICIENCY OF EVIDENCE TO ESTABLISH GUILT, AND BY QUASHING THE INDICTMENT BASED ON DEFENDANT'S PRESENTATION OF HIS DEFENSE TO THE CHARGE, AN ACT WHICH IS INDISTINGUISHABLE FROM THE GRANTING OF A

SUMMARY JUDGMENT?

Regarding motions to quash indictments, section 99-7-23 of the Mississippi Code states that "[a]ll objections to an indictment for any defect *dehors* the face thereof, presenting an issue to be tried by the court, shall be taken by motion to quash the indictment . . . ." Our supreme court has interpreted this to include an inquiry as to whether or not the grand jury has somehow been subjected to undue or improper influence. *See Hood v. State*, 523 So. 2d 302 (Miss. 1988) and cases cited therein. Insufficient, incompetent, illegal, or inadmissible evidence, however, has been expressly excluded as a means of quashing an indictment. *See State v. Matthews*, 218 So. 2d 743, 744 (Miss. 1969) (holding that an "indictment is protected from an attack upon the grounds that the evidence before the Grand Jury was hearsay, illegal or insufficient.").

Ballard maintains that the charges against him were "politically motivated." He attempted to prove this at the motion hearing by showing that the State had insufficient evidence to sustain a guilty verdict. He also complains that one of the witnesses before the grand jury was biased against him and that certain witnesses with exculpatory information were not called to testify before the grand jury. Accepting all that Ballard complains of as true, the question before us is whether Ballard presented legally sufficient evidence to support the trial court's decision to quash the indictment. We hold that Ballard failed to overcome his burden of proof and remind the court that no right of summary judgment exists in our system of criminal practice and procedure. *See State v. Peoples*, 481 So. 2d 1069, 1070 (Miss. 1986) (holding that "[b]y quashing this indictment the trial judge in effect granted Peoples a summary judgment. There is no such procedure known to our criminal practice.")

The trial court decided to grant Ballard's motion to quash the indictment. In its order granting the motion, the court found in pertinent part that:

1.

In corroboration of the defense presented by the Defendant that the indictment was politically motivated, the Defendant placed three (3) witnesses on the stand, namely Deborah Franklin, Wayne Smith and Robert T. Ballard.

2.

The Court finds that Ms. Franklin testified that the Defendant did nothing wrong when he placed the Cosey money back in the bank after he found out that the repairs on the Cosey house were not completed.

. . .

4.

. . . [I]t's the Court's duty to inquire into the sufficiency of an indictment to preclude unwarranted and unfounded prosecution where there is no basis in fact for such indictment.

5.

The evidence overwhelmingly supports the conclusion that the indictment and the proceedings surrounding the indictment were politically motivated and that it was incumbent upon the State to rebut the prima facie case made by the Defendant.

. . .

9.

It has not been shown to the Court that there would be sufficient evidence to support a verdict of guilty.

. . .

Furthermore, during a hearing on the motion, the court specifically stated that the hearing was geared "toward the sufficiency of the evidence from the very start" and not what occurred before the grand jury.

The Supreme Court of Mississippi held in *State v. Grady* that the State is not required to negate any defense to the charges in the indictment that the defendant might have. *Grady*, 281 So. 2d 678, 680 (Miss. 1973). The court further held that it is error to sustain a motion to quash an indictment where "the motion to quash does not question the legality of the indictment or the power of the grand jury to return the indictment, but seeks to test the sufficiency of the evidence to support the indictment." 281 So. 2d at 680. The court in *Grady* aptly noted that:

If this procedure can be used, it would result in a pretrial hearing in practically every case to determine whether the state has sufficient evidence to support the indictment. This could only result in confusion and delay in the trial of a criminal case. The function of a motion to quash is to test the legality of an indictment for some defect not appearing on the face of the indictment. It is well settled in this state that neither a motion to quash nor any other pretrial pleading can be employed to test the sufficiency of the evidence to support the indictment.

. . .

The proper time to test the sufficiency of the evidence to support any indictment is when the case is tried on its merits. Then if the evidence on behalf of the state is insufficient to support the charge made in the indictment, on proper motion, the trial court should so hold and direct the jury to find the accused not guilty, otherwise, the case should be submitted to the jury to determine the guilt or innocence of the accused.

*Grady*, 281 So. 2d at 680-82.

It has long been recognized that an indictment may be quashed when there is a finding that the grand jury was improperly influenced or the defendant was prejudiced by having unauthorized persons in the grand jury room. *Sanders v. State*, 22 So. 2d 500, 502 (Miss. 1945), and cases cited therein. *See*

*also Hood v. State*, 523 So. 2d 302 (Miss. 1988) (holding that the grand jury was improperly influenced by hearing testimony of attorneys representing the plaintiff in a related civil action because they had no personal knowledge of the crime charged.) This Court, however, has found no authority which would compel us to dismiss an indictment because the charges brought against the accused were "politically motivated" or resulted from the testimony of a biased witness, provided that the witness possessed some "knowledge of the facts touching the matters under inquiry." *State v. Matthews*, 218 So. 2d 743, 744 (Miss. 1969).

In the case *sub judice* we find that Evers, although arguably a biased witness, did have at least some knowledge of the facts surrounding the incident from which the charges against Ballard arose. Furthermore, the court in *Matthews* makes it clear that the grand jury is permitted to return an indictment based on hearsay evidence. 218 So. 2d 743, 744. Finally, the testimony of biased witnesses is allowed at trial whereas improperly obtained or overly prejudicial evidence is inadmissible. *Hood*, 523 So.2d at 313. Accordingly, it is illogical to exclude the testimony of a biased witness before a grand jury, where the rules of evidence are not applicable. We hold that Evers's presence in the grand jury room, as a witness under subpoena, was neither unauthorized nor did it subject the grand jury to undue influence.

Finally, Ballard complains that the prosecution did not call certain witnesses before the grand jury who were prepared to give exculpatory testimony. Ballard submits that because of this, the indictment against him should be dismissed. We disagree. It is customary in our system of criminal justice that the grand jury hear only the prosecution's side of the case. *Reining v. State*, 606 So. 2d 1098, 1102 (Miss. 1992). In *U.S. v. Williams*, 504 U.S. 36 (1992), the Supreme Court held that there is no obligation on the part of the grand jury to consider, nor on the prosecutor to present, what might be considered "substantial exculpatory evidence." Given that the historical role of the grand jury has been to determine whether an adequate basis exists for bringing a criminal charge, and not to determine guilt or innocence, "it has always been thought sufficient to hear only the prosecutor's side." *Id.* at 51.

**THE JUDGMENT OF THE JEFFERSON COUNTY CIRCUIT COURT DISMISSING THE INDICTMENT AGAINST ROBERT T. BALLARD IS REVERSED AND THIS CAUSE IS REMANDED FOR PROCEEDINGS IN ACCORDANCE WITH THIS OPINION. COSTS ARE TAXED TO THE APPELLEE.**

**BRIDGES, C.J., McMILLIN, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**