# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CA-00756-SCT

*TUNICA COUNTY, MISSISSIPPI AND CALVIN HAMP, SR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SHERIFF OF TUNICA COUNTY*

*v.*

*THE HAMPTON COMPANY NATIONAL SURETY, LLC, A MISSISSIPPI LIMITED LIABILITY COMPANY; JAMES DEAN, AN INDIVIDUAL AND JAMES HAMPTON GARDNER, AN INDIVIDUAL*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/14/2008 |
| TRIAL JUDGE: | HON. CHARLES E. WEBSTER |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | JOHN S. HILL |
| | STEPHEN P. SPENCER |
| ATTORNEYS FOR APPELLEES: | WILLIAM B. RYAN |
| | JAMES D. HARPER |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND RENDERED - 05/07/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLSON, P.J., LAMAR AND CHANDLER, JJ.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     This appeal involves a dispute between a bail-bonding company and its agent and the

sheriff of Tunica County.  The question presented is whether a county sheriff has the

authority to refuse to accept bonds written by a professional bond agent, who is licensed as a limited surety agent with the Mississippi Department of Insurance. The trial court found that the sheriff did not have such discretion and granted both declaratory and injunctive relief for the bondsman. Finding error, we reverse.

## FACTUAL HISTORY

¶2.    James Hampton Gardner is a professional bond agent[1], licensed and qualified as a limited surety agent[2] with the Mississippi Department of Insurance. Gardner owns and operates a bail-bonding business under the name of The Hampton Company National Surety, LLC (hereinafter "Hampton Co."), doing business in approximately one-third of Mississippi's eighty-two counties, including Tunica County.[3] James Dean is one of thirty-five agents employed on a contractual basis by Hampton Co. Dean, a resident of Tunica

---

[1]"'Professional bail agent' means any individual who shall furnish bail, acting as a licensed personal surety agent or as a licensed limited surety agent representing an insurer as defined by this chapter[,]" not including an individual who acts as a personal surety where no compensation is charged or received. Miss. Code Ann. § 83-39-1(d) (Rev. 1999).

[2]"'Limited surety agent' means any individual who is appointed by an insurer by power of attorney to execute or countersign bail bonds in connection with judicial proceedings, and who is duly licensed by the commissioner to represent such insurer for the restricted lines of bail, fidelity and surety, after successfully completing a limited examination by the department for the restricted lines of business." Miss. Code Ann. § 83-39-1(g) (Rev. 1999).

[3]Gardner is the general partner and sole member of the LLC, whose office is located in Decatur, MS.

County, is licensed with the Mississippi Department of Insurance.  Hampton Co. employed Dean as its only soliciting bail agent[4] in Tunica County.

¶3.     Calvin Hamp, Sr., was elected sheriff of Tunica County in 2004, after serving as a deputy with the Tunica County Sheriff's Department since 1994.  On February 15, 2005, Hamp, acting in his capacity as sheriff, removed Hampton Co. and Dean from Tunica County's bail-bonding roster, prohibiting both from writing bonds in Tunica County.  Hamp testified that he took this action after receiving a report from the circuit court judge, which stated that Hampton Co. was in arrears on bonds because three bonded criminal defendants failed to appear for arraignment when scheduled.  Hamp further testified that he suspended both Hampton Co.'s and Dean's ability to write bonds in Tunica County, pending notice of either the appearance of the defendants or payment of the bonds.[5]

¶4.     Although the three defendants failed to appear for arraignment when scheduled, they subsequently appeared before the court; Sharry Perkins and Calvin Franklin were arraigned on February 17, 2005, and Valerie Johnson was arraigned on March 30, 2005.  Hamp, however, testified that he was not notified of their appearance in court, and consequently,

---

[4]"Soliciting bail agent' means any person who, as an agent or employee of a professional bail agent, or as an independent contractor, for compensation or otherwise, shall solicit, advertise or actively seek bail bond business for or on behalf of a professional bail agent."  Miss. Code Ann. § 83-39-1(e) (Rev. 1999).

[5]During the same time, Hamp removed several other bond agents and bonding companies from the bail-bonding roster for similar reasons.  Those companies were returned to the roster after their defendants appeared in court and the circuit clerk of Tunica County provided notice of such to the sheriff's office.

Hampton Co. and Dean were not returned to the bail-bonding roster. Gardner testified that he was unable to get in touch with the sheriff by phone, and he instructed Dean to ensure that Hampton Co. and Dean were returned to the bail-bonding roster. Dean testified that he had made several attempts to speak with Hamp, but Hamp had been unavailable each time.

¶5. After mediation of this action, Hamp returned Hampton Co. to the bail-bonding roster in Tunica County in 2006. According to Hamp, Dean was not returned to the roster due to a separate and unrelated incident. Hamp learned that, during February of 2005, Dean had loaned money to Wayne Gooden, a jailer employed by the Tunica County Sheriff's Department. Dean admitted in his deposition that he had made the loan and previously had made similar loans to Gooden, which would constitute violations of Mississippi Code Section 83-39-27.[6] Hamp testified that because of this violation, he chose not to return Dean's name to the bail-bonding roster for the county. Hamp testified that his predecessors as sheriff were jailed because of improper bonding procedures and exchanges of money between bonding agents and the sheriff's department. This history necessitated that Hamp formulate certain guidelines, including his policy of removing names from the bail-bonding roster.

---

[6]Mississippi Code Section 83-39-27(b) makes it unlawful for a licensed bail bondsman to "[p]ay a fee or rebate or give or promise to give anything of value to a jailer, policeman, peace officer, clerk, deputy clerk, any other employee of any court, district attorney or any of his employees or any person who has power to arrest or to hold any person in custody."

4

## PROCEDURAL HISTORY

¶6.     Hampton Co. and Dean filed suit against Tunica County and Hamp, alleging that the sheriff unlawfully directed inmates away from their bonding company[7] and unlawfully prohibited them from writing bonds in Tunica County.  Hampton Co. and Dean sought compensatory and punitive damages, as well as declaratory and injunctive relief.

¶7.     Tunica County and Hamp filed a motion to dismiss pursuant to Mississippi Rule of Civil Procedure 12(b)(6).  Hampton Co. and Dean responded to the motion and filed an amended complaint, adding Gardner as a plaintiff.  The trial court granted the sheriff's motion to dismiss as it related to the claim for monetary damages.[8]  Subsequently, the trial court granted the claims for declaratory and injunctive relief, holding that Hamp lacked authority under Mississippi law to prohibit Hampton Co. and Dean from writing bonds in Tunica County.  Tunica County and Hamp now appeal, asserting that the trial court erred in granting declaratory and injunctive relief.[9]

---

[7]The trial court found that the issue of whether Hamp or his staff directed inmates to other bonding companies was a question of fact.  Noting that there was no evidentiary hearing and no proof was presented that would substantiate the claim, the trial court denied the relief requested.  This issue was not raised on appeal to this Court.

[8]Noting that neither the motion to dismiss nor the hearing addressed the claims for injunctive and declaratory relief, the trial court allowed the parties ten days (after the order granting the motion to dismiss monetary damages) to "make their wishes known to the court" regarding those issues.  Each party subsequently submitted three letters to the trial court on the issues.  No hearing was requested by either party prior to the trial court's ruling.

[9]Hampton Co., Dean, and Gardner also filed suit against the defendants in the U.S. District Court for the Northern District of Mississippi, claiming violations of due process, equal protection, and the First Amendment.  On appeal, the Fifth Circuit affirmed summary judgment as to Hamp's qualified immunity and reversed and remanded summary judgment

5

**STANDARD OF REVIEW**

¶8.     This Court employs a *de novo* standard of review when reviewing questions of law,

including motions for declaratory judgment. **S.C. Ins. Co. v. Keymon**, 974 So. 2d 226, 229

(Miss. 2008) (citing **Pre-Paid Legal Servs. v. Battle**, 873 So. 2d 79, 82 (Miss. 2004)).

**ANALYSIS**

¶9.     This case presents, as a matter of first impression, the issue of whether a county sheriff

has any discretion to accept or refuse a bail bond tendered by a duly licensed limited surety

agent.

¶10.    This Court has long recognized that the sheriff is the "chief law executive officer of

his county." **Simmons v. State**, 165 Miss. 732, 746, 141 So. 288 (1932). The sheriffs of this

state traditionally have had broad and varied duties. Mississippi Code Section 19-25-67,

originally enacted in 1822[10], sets forth some of those duties relative to the case *sub judice*:

> It shall be the duty of every sheriff to keep the peace within his county, by
> causing all offenders in his view to enter into bonds, with sureties, for keeping
> the peace and for appearing at the next circuit court, and by committing such
> offenders in case of refusal. He shall certify and return said bonds to the court.
> . . . He shall pursue, apprehend, and commit to jail all persons charged with

---

on the equal protection and First Amendment claims. The Fifth Circuit based its decision
to reverse on the state court's finding that Hamp did not have the authority to prohibit
Hampton Co., Dean, and Gardner from writing and soliciting bonds in Tunica County, while
noting that this Court's impending conclusion would ultimately control in the future.
*Hampton Co. Nat'l Surety LLC v. Tunica County Mississippi*, 543 F.3d 221 (5th Cir.
2008).

[10]*See* Hutchinson's Mississippi Code, 1848, ch. 28, art. 3 (13). Originally passed in
1822, the statute has been amended several times, including 1880, 1892, and most recently,
1995.

treason, felony, or other crimes. *He may take bonds, with good and sufficient sureties*, of any person whom he may arrest with or without a warrant for any felony that is bailable as a matter of law.

Miss. Code Ann. § 19-25-67 (Rev. 2003) (emphasis added).

¶11. Sheriff Hamp argues that this statute mandates a sheriff's responsibility to keep the peace within his county, "by causing all offenders . . . to enter into bonds, with sureties . . . for appearing at the next circuit court." Miss Code Ann. § 19-25-67 (Rev. 2003). Hamp argues that the use of the permissive term "may" in this statute, *i.e.* "he may take bonds," clearly indicates that the Mississippi Legislature intended to give the sheriff discretion in deciding whether to accept or reject a bond, as necessary, to maintain the peace and to control the administration of his jail.

¶12. On the other hand, Hampton Co. and Dean assert that the sheriff does not have authority to reject a bond tendered by a licensed professional bail-bonding agent, since Mississippi Code Section 83-39-15[11] expressly grants exclusive authority to the Mississippi Department of Insurance to deny, suspend, or revoke a license or to otherwise discipline a bail bondsman. Hampton Co. and Dean therefore contend that the sheriff's only recourse, when confronted with the misconduct of a limited surety agent, is to file a complaint with the Department of Insurance and await a hearing and action by the Department.

---

[11]Mississippi Code Section 83-39-15 is part of the Professional Bail Bond Act, enacted in 1968 and codified at Section 83-39-1 *et seq*., and provides, in pertinent part: "(1) The department may deny, suspend, revoke or refuse to renew, as may be appropriate, the license of any person engaged in the business of professional bail agent, soliciting bail agent, or bail enforcement agent . . . ." Miss. Code Ann. § 83-39-15 (Rev. 1999).

7

¶13.     Hampton Co. and Dean also argue that Mississippi Code Section 99-5-15 mandates

that the sheriff accept bonds tendered by an authorized fidelity and surety company.  The

statute provides:

> It is the duty of the sheriff or other officer having custody of such defendant,
> upon his compliance with the order of the committing court or officer, to
> release him from custody; and he *shall approve the sureties on the bond,
> except admitted and authorized fidelity and surety insurance companies acting
> as surety*, and for that purpose may examine them on oath, or take their
> affidavit in writing, and may administer such oath.

Miss. Code Ann. § 99-5-15 (Rev. 2007) (emphasis added).[12]  In furtherance of their position,

Hampton Co. and Dean point out that a sheriff has no financial liability in the event of a

default by a limited surety agent, citing Mississippi Code Section 99-5-19, which states:

> If any person, except a properly authorized judge, authorized to release a
> criminal defendant neglects to take a bail bond, or if the bail bond from any
> cause is insufficient at the time he took and approved the same . . . he shall
> stand as special bail, and judgment shall be rendered against him as such,
> *except when bond is tendered by a fidelity or insurance company or
> professional bail agent or its bail agent authorized by Mississippi state license
> to act as bail surety.  The person taking and approving a bail bond from a
> fidelity or insurance company or professional bail agent or its bail agent with*

---

[12]The first portion of Mississippi Code Section 95-5-15, which states "It is the duty
of the sheriff or other officer having custody of such defendant, upon his compliance with
the order of the committing court or officer, to release him from custody" dates back to the
original language of the statute, enacted in 1846. *See* Codes, Hutchinson's 1848, Ch. 65, art.
12(2).

The statute was amended in 1857 to include the following language: "and he shall
approve the sureties on the bond, and for that purpose may examine them on oath, or take
their affidavit in writing, and may administer such oath." *See* Codes, 1857, ch. 64, art. 288.

In 1960, in order "to provide and permit authorized fidelity and surety insurance
companies to act through their agent as surety on bail bonds," the statute was amended to
include the phrase "except admitted and authorized fidelity and surety insurance companies
acting as surety."  Laws, 1960, ch. 267.

*a valid Mississippi state license shall bear no financial liability on the bail bond in the event of a bail bond forfeiture or default.*

Miss. Code Ann. § 99-5-19 (Rev. 2007) (emphasis added). Hampton Co. and Dean argue that this statute, as amended in 1997,[13] was intended by the Mississippi Legislature to remove any discretion the sheriff had in accepting or rejecting bonds from a fidelity insurance company.[14]

¶14. A search found no cases from this Court addressing this issue, and the statutes addressing the duties of a sheriff are few. Our law is clear that the purpose of bail is to secure the presence of an accused at trial, and that responsibility ultimately rests with the sheriff. *See* Miss. Code Ann. § 19-25-67 (Rev. 2003). Both sides rely on Mississippi statutes to support their arguments. Although all of the statutes cited by the parties relate to the relevant subjects of bail bonds, bonding agents, and sheriffs, they are found in different chapters of our Code, and although not in clear conflict, are surely ambiguous as to the intent

---

[13]Mississippi Code Section 99-5-19 was amended in 1997 to add the following language:

. . . except when bond is tendered by a fidelity or insurance company or professional bail agent or its bail agent authorized by Mississippi state license to act as bail surety. The sheriff taking and approving a bail bond from a fidelity or insurance company or professional bail agent or its bail agent with a valid Mississippi state license shall bear no financial liability on the bail bond in the event of a bail bond forfeiture or default.

Miss. Code Ann. § 99-5-19 (Rev. 2007).

[14]A 2004 amendment to Mississippi Code Section 99-5-19 substituted the word "person" for "sheriff." Miss. Code Ann. § 99-5-19 (Rev. 2007).

of the Legislature. When statutes are ambiguous and potentially in conflict, as in the case *sub judice*, we look to the rules of statutory construction for guidance.

¶15.    It is a well-settled rule of statutory construction that "when two statutes pertain to the same subject, they must be read together in light of legislative intent." *Lenoir v. Madison County*, 641 So. 2d 1124, 1129 (Miss. 1994). "It is a general rule that in construing statutes this Court will not only interpret the words used, but will consider the purpose and policy which the legislature had in view of enacting the law. The court will then give effect to the intent of the legislature." *State ex rel. Hood v. Madison County ex rel. Madison County Bd. of Supervisors*, 873 So. 2d 85, 88 (Miss. 2004).

¶16.    Following the rules of statutory construction, repeal of statutes by implication is not favored. *Roberts v. Miss. Republican Party State Executive Comm.*, 465 So. 2d 1050, 1051 (Miss. 1985). "In order for a subsequent act to repeal a former one expressly, it must point out the statute repealed with sufficient certainty . . . . And where in a subsequent statute there is no express repeal of a former, the court will not hold the former to be repealed by implication, unless there is a plain and unavoidable repugnancy between them." *Id.* (quoting *Ex parte McInnis*, 54 So. 2d 260, 262 (Miss. 1910) (citations omitted)). If the subsequent statute does not repeal the former, each statute cited must be given effect. We have said that "statutes on the same subject, although in apparent conflict, should if possible be construed in harmony with each other to give effect to each." *Miss. Gaming Comm'n v. Imperial Palace of Miss.*, 751 So. 2d 1025, 1029 (Miss. 1999) (quoting *Roberts*, 465 So. 2d at 1050, 1052 (internal quotes omitted)). This Court has stated that "[i]n construing statutes, all

10

statutes *in pari materia* are taken in consideration, and a legislative intent deduced from a consideration as a whole." **Miss. Gaming Comm'n**, 751 So. 2d at 1029 (quoting **Roberts**, 465 So. 2d at 1052).

¶17.   With these rules of statutory construction in mind, we address the specific statutes at issue in the case *sub judice*.  Mississippi Code Section 19-25-67 states, in language dating back to 1892, that the sheriff "*may take* bonds, with good and sufficient sureties."  Miss. Code Ann. § 19-25-67 (Rev. 2003) (emphasis added).  Using the same language used since 1846, Mississippi Code Section 99-5-15 states that the sheriff "shall *approve* the sureties on the bond . . . ."  Miss. Code Ann. § 99-5-15 (Rev. 2007) (emphasis added).  Mississippi Code Section 99-5-19 requires that a person shall stand as special bail and judgment shall be rendered against him if the bond was insufficient "at the time he *took and approved* the same."  Miss. Code Ann. § 99-5-19 (Rev. 2007) (emphasis added).  The statute further states that "[t]he person *taking and approving* a bail bond" from a fidelity insurance company or professional bail agent shall bear no financial liability on the bond.  Miss. Code Ann. § 99-5-19 (Rev. 2003) (emphasis added).

¶18.   Section 19-25-67 clearly vests discretion in the sheriff "to enter into bonds, with sureties," providing that "he may take bonds with good and sufficient sureties."  Miss. Code Ann. § 19-25-67 (Rev. 2003).  There is nothing in the later amendments to this or the other related statutes which can be read as an "express repeal" of this grant of discretion.

¶19.   Further, in considering all statutes *in pari materia*, and in order to give effect to each, we find that the Legislature intended that the sheriff first approve the sureties, according to

11

Mississippi Code Sections 19-25-67 and 99-5-15. Miss. Code Ann. § 19-25-67 (Rev. 2003); Miss. Code Ann. § 99-5-15 (Rev. 2007). However, if an admitted and authorized fidelity and surety insurance company is acting as surety, then the sheriff need not inquire further as to the sufficiency of the surety. Secondly, the statutes provide that once sureties are approved, the sheriff "may take bonds." Miss. Code Ann. § 19-25-67 (Rev. 2003). We find that this language confers limited discretion to the sheriff, as he *may* take bonds. Further, the language of section 99-5-19 supports this finding, in that it twice mentions the person *taking* and *approving* a bail bond, with the first instance being the original language of the statute passed in 1846, and the second reference to "taking and approving" being added by the 1997 amendment.

¶20.    While Mississippi Code Section 19-25-67 authorizes a sheriff to take bonds, so long as they are accompanied by good and sufficient sureties, the plain language does not require the sheriff to accept every bond offered with sufficient sureties. Miss. Code Ann. § 19-25-67 (Rev. 2003). In statutory interpretation, the term "may" indicates a permissive term, not a mandatory term, such as the term "shall" would indicate. ***Weiner v. Meredith***, 943 So. 2d 692, 694 (Miss. 2006). Had the Legislature intended to require the sheriff to accept every bond tendered by a professional bail agent, whether a limited or personal surety agent, that intent certainly could have been clearly stated.[15] The statutes stop short of requiring a sheriff

---

[15]Hampton Co. and Dean rely on an opinion of a federal district court in Arkansas, which found that Arkansas sheriffs have no statutory authority to disqualify bail bondsmen or bail-bonding companies. ***Holt Bonding Co., Inc., v. Nichols***, 988 F. Supp. 1232, 1235 (W.D. Ark. 1997). However, their reliance on the Arkansas case is misplaced, as the

to accept every bond tendered by a limited surety agent, and we decline to read such a mandate into the statute.

## CONCLUSION

¶21.    We find that the Mississippi Legislature intended to confer upon the sheriff, as the "chief law executive officer of his county[,]" limited discretion as to whether to accept or reject a bond tendered for the release of an accused. *Simmons*, 165 Miss. at 736.  Of course, the sheriff's discretion is not unfettered, and a sheriff must not act in an arbitrary or capricious manner.  Because we find that the sheriff does have limited discretion to determine whether to accept or reject bonds tendered within his county, we find that the court's grant of declaratory and injunctive relief was erroneous and must therefore be reversed.  We make no finding as to whether the sheriff in the case *sub judice* acted in an arbitrary or capricious manner, as this was not the issue presented to the trial court or this Court.

¶22.    **REVERSED AND RENDERED.**

**WALLER, C.J., CARLSON, P.J., DICKINSON, RANDOLPH, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.  GRAVES, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

---

governing Arkansas statute specifically provides that "[p]roof that the surety is a licensed professional bail bondsman shall be deemed sufficient proof of the sufficiency of the surety, and *the surety shall be accepted by all courts in this state or by any individual authorized to take bail* under the provisions of § 16-84-102.  Ark. Code Ann. § 16-84-103 (b)(2) (Rev. 2003) (emphasis added).  The relevant Mississippi statutes contain no such mandate.